**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-00002-RJC-DSC**

| | | |
|---|---|---|
| **HENRY E. WOMBLE III, as personal representative for the Estate of Henry E. Womble** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **EATON AEROQUIP, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

**THIS MATTER** comes before the Court on Defendant's and Plaintiff's (collectively, the "Parties") cross motions for partial summary judgment, (Doc. Nos. 28 and 30), and the memoranda and exhibits in support of and in opposition to those motions, (Doc. Nos. 29, 31, 34–37).

**I.      BACKGROUND**

Henry E. Womble, who died on September 4, 2012 from aspiration pneumonia, worked at Aeroquip, Inc. for eighteen years. (Doc. No. 5 at ¶ 6). Defendant Eaton Aeroquip, Inc. is Aeroquip, Inc.'s successor in interest. (Id. ¶ 3). Eight years after Mr. Womble's employment concluded, he was diagnosed with lung cancer. (Id. ¶ 15). In December 2005, Medicare began paying for medical costs related to Mr. Womble's lung cancer treatment. (Id. ¶ 14). Four years later, in December 2009, Mr. Womble field a Form 18B with the North Carolina Industrial Commission ("NCIC") seeking workers' compensation benefits from Defendant for his lung cancer treatment. (Doc. No. 31-2). On August 11, 2011, the NCIC determined that Mr. Womble's lung cancer was due to asbestos exposure through his employment with Defendant and his "extensive history of cigarette smoking," and therefore he was entitled to "payment

[from Defendant] of all medical expenses incurred, or to be incurred as a result of his lung cancer that are reasonably necessary to effect a cure, give relief, or lessen his period of disability." (Doc. No. 29-1 at 9–11).  Many facts after the August 11, 2011 NCIC order are contested, but are not relevant to the issue at hand.  What is relevant is that on January 5, 2015, Plaintiff filed a complaint with this Court seeking reimbursement from an insurance company for conditional payments Medicare made.  (Doc. No. 1).  Defendant Eaton Aeroquip, Inc. replaced the insurance company as the sole defendant in this suit upon Plaintiff's filing of its amended complaint on March 31, 2015.  (Doc. No. 5).  Plaintiff alleges claims under the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395(y)(b)(3)(A), the North Carolina Unfair and Deceptive Trade Practices Act, ("UDTPA"), N.C. Gen. Stat. § 75-1 et seq., and for unjust enrichment.  (Id.).  On June 8, 2015, Defendant filed its answer to the Amended Complaint.  (Doc. No. 15).  As part of that Answer, Defendant pled thirteen affirmative defenses.  (Id.).

On April 20, 2016, Defendant filed a consent motion for a status conference, (Doc. No. 22), and on May 6, 2016 this Court held the requested status conference.  As a result of the status conference, and at the request of the Parties, the Court stayed all scheduling deadlines while Defendant navigates Medicare administrative appeals but ordered partial dispositive motions on the specific issues ripe for adjudication at the time.  (Doc. No. 23).

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  The

party moving for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

If this initial burden is met, the opposing party may not rest on the mere allegations in the complaint. Id. at 247–48. Rather, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587. Where, though, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson, 477 U.S. at 248–49.

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt [the moving party's] version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## III.    DISCUSSION

When the Court held a status conference in May 2016, it was hopeful that it could help expedite and narrow this case by granting the Parties' request to present arguments on partial summary judgment. Yet, upon review of the motions, memoranda, and oral arguments at the March 7, 2017 hearing, the Court is convinced that the best course of action is to hold in abeyance most of the requests in the cross motions for partial summary judgment. As is clearly

evident from the Parties' fact-intensive briefs and arguments, many of the factual issues are not undisputed, though they may become so after the ongoing Medicare appeals are resolved. Furthermore, the Court is hesitant to begin resolving this matter piecemeal. Instead, the Court will withhold decision on the cross motions for partial summary judgment until the Medicare appeals are resolved, with two exceptions discussed below. In the meantime, the Court orders the Parties to file a joint status report ninety (90) days after the date this order is issued and every subsequent ninety (90) days until this matter is resolved or otherwise directed by the Court.

Despite the complication caused by the slow-moving ongoing Medicare appeals, two issues can be cleanly resolved by this Court at this stage. First, Plaintiff, in its Response in Opposition to Defendant's Motion for Partial Summary Judgment, stipulated to the dismissal of its unjust enrichment claim. (Doc. No. 35 at 1 n.1). Accordingly, the Court will dismiss that claim without prejudice. Second, the Court can resolve Plaintiff's UDTPA claim without relying on undetermined facts related to the Medicare appeal. Plaintiff argues that the undisputed facts show a UDTPA violation as a matter of law. On the other hand, Defendant argues that Plaintiff's UDTPA claim should be dismissed due to a lack of subject-matter jurisdiction and because UDTPA is preempted by federal law. The Court agrees with Defendant—it does not have subject-matter jurisdiction over Plaintiff's UDTPA claim.

N.C. Gen. Stat. § 97-91 provides that: "[a]ll question arising under [the Worker's Compensation Act] if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Indeed, North Carolina courts have found that "[t]he exclusive jurisdiction of the Industrial Commission includes not only work-related injuries but also any claims that are 'ancillary' to the original compensable injury." Bowden v. Young, 768 S.E.2d 622, 624 (N.C.

Ct. App. 2015) (citation omitted). "[*A*]*ll* claims concerning the *processing* and *handling* of a workers' compensation claim are within the exclusive jurisdiction of the Industrial Commission, whether the alleged conduct is intentional or not. Id. at 624–25 (emphasis in original). This exclusive jurisdiction extends to UDTPA claims related to workers' compensation claims. See, e.g., Deem v. Treadaway & Sons Painting & Wallcovering, Inc., 543 S.E.2d 209 (N.C. Ct. App. 2001) (holding that the North Carolina Workers' Compensation Act gave exclusive jurisdiction over all of the pleaded claims, including for unfair and deceptive trade practices); Johnson v. First Union Corp., 504 S.E.2d 808 (N.C. Ct. App. 1998) (same). Plaintiff unconvincingly argues that the Court's discretionary supplemental jurisdiction under 28 U.S.C. § 1367 should trump the NCIC's exclusive jurisdiction. (Doc. No. 35 at 14–15). Plaintiff's UDTPA claim is a state law claim governed by state law, and state law dictates that claims collateral to workers' compensation claims are to be adjudicated by the NCIC. Contrary to Defendant's argument, even federal courts have recognized this exclusive jurisdiction where provided by the applicable state workers' compensation act. See, e.g., Meredith v. Honeywell Int'l, Inc., 245 F. App'x 325, 326–29 (4th Cir. 2007); Cervantes v. Bridgefield Casualty Insurance Co., No. 1:15-cv-00081, 2016 WL 592799, at *2 (M.D.N.C. Feb. 11, 2016). Thus, the NCIC has exclusive jurisdiction over Plaintiff's UDTPA claim and this Court lacks subject-matter jurisdiction. Because subject-matter jurisdiction must be dealt with at the outset, it is the appropriate mechanism for resolving Plaintiff's UDTPA argument notwithstanding Defendant's argument that the MSPA preempts North Carolina's UDTPA.

**IV.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that

1.    Defendant's Motion for Partial Summary Judgment, (Doc. No. 28), is **GRANTED in part** and **HELD IN ABEYANCE in part**.  Specifically, Defendant's motion is granted regarding Plaintiff's UDTPA claim.  The remainder of Defendant's motion is held in abeyance;

2.    Plaintiff's Motion for Partial Summary Judgment, (Doc. No. 30), is **DENIED in part** and **HELD IN ABEYANCE in part**.  Specifically, Plaintiff's motion is denied regarding Plaintiff's UDTPA claim.  The remainder of Plaintiff's motion is held in abeyance;

3.    Plaintiff's claims for unjust enrichment and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1 et seq. are **DISMISSED without prejudice**; and

4.    The Parties shall file a status report, jointly if possible, notifying the Court of the status of Defendant's administrative appeals within **ninety (90) days** of this Order, and every **ninety (90) days** thereafter until the stay is lifted or this case is closed.

Signed: March 29, 2017

Robert J. Conrad, Jr.
United States District Judge